UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**In re:**

**LINEAR MOLD & ENGINEERING, LLC,**

      **Debtor.**

Case No.: 21-42617-mar
Chapter 11

Hon. Mark A. Randon

# MOTION TO LIMIT NOTICE REQUIREMENTS PURSUANT TO FED.BANKR. RULE 2002 and FED.R.BANKR. E.D. MICH. L.B.R. 2002-1

Linear Mole & Engineering, LLC, as Debtor and Debtor in Possession ("Linear" or "Debtor"), by its proposed attorneys, Strobl Sharp PLLC, moves for entry of an order, pursuant to Section 105 of Title 11 of the United States Code (the "Bankruptcy Code"), and Fed.Bankr. Rule 2002 and Fed.R.Bankr. E.D. Mich. L.B.R. 2002-1 to limit the notice requirements, and respectfully states the following:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to Code § 1334. This matter is a "core" proceeding pursuant to Code §§ 157(b)(2)(A) and (O). The predicate for the relief herein is Section 365 of Title 11, United States Code (the "Code").

2. Venue is proper pursuant to Code §§ 1408 and 1409.

3. The basis for the relief requested herein are Bankruptcy Code Section 105; Fed.Bankr. Rule 2002; and Fed.R.Bankr. E.D. Mich. L.B.R. 2002-1.

### Background

4. On March 26, 2021 (the "Petition Date"), Debtor filed a voluntary petition for relief from creditors pursuant to Chapter 11, Subchapter V, of the Bankruptcy Code. Debtor continues to operate its business as debtor in possession pursuant to Code § 1107 and 1108.

5. March Shapiro has been appointed as the Subchapter V Trustee in this matter.

6. As of the Petition Date, Debtor had outstanding pre-petition wage claims for its employees in the approximate amount of $36,000.00. On March 26, 2021, Debtor filed a Motion requesting, among other things, authority to pay all pre-petition wage claims (Docket No. 15) (the "Wage Motion").

7. A hearing was conducted on the Wage Motion on March 31, 2021 and the Court entered an order authorizing the Debtor to pay its prepetition wage claims as set forth in the Wage Motion (Docket No. 35) (the "Wage Order").

8. Debtor immediately paid the authorized pre-petition wage claims pursuant to the Wage Order for the pay period ending March 26, 2021. Consequently,

all but two of the employees listed on the Debtor's Schedule E are no longer creditors of the estate.

9. Louis Young, had unpaid prepetition wages for pay periods not included in the Wage Motion based on a an agreed discounting of his salary in order to facilitate the Debtor's cash flow. Such unpaid wages, up to the aggregate amount of $13,650.00, less any payments received under the Wage Order, remain a priority claim in the Debtor's estate. Consequently, Mr. Young will not be removed from receiving notices in this matter.

10. John Tenbusch is the Debtor in Possession and is a creditor of the estate and will therefore not be removed from receiving notices.

11. The postage and copying costs associated with a mailing of notices to 32 individuals who no longer have a claim in the case (and likely do not wish to continue receiving voluminous mailings) would will be fairly expensive in this bankruptcy case, and an undue burden on the estate.

## Necessity of Relief

12. Given the above, the Debtor requests that it be allowed to omit the 32 employees (detailed on Exhibit B to this Motion) from all future notices.

13. Section 105(a) of the Bankruptcy Code allows the court to issue any order, process, or judgment that is necessary or appropriate to carry out the Bankruptcy Code's provisions.

14. Limiting of the notice requirements, as requested in this Motion, serves the purpose of the Bankruptcy Code by saving the Debtor's estate the cost of serving notice on a voluminous list of creditors who are no longer owed anything and who are unlikely to object to the relief being requested.

15. The relief requested by the Debtor is in accordance with Fed.Bankr. Rule 2002 and Fed.Bankr. E.D. Mich. L.B.R. 2002-1.

## Notice

16. A copy of this motion has been served by first class mail, postage prepaid, to: (a) the United States Trustee; (b) the Subchapter V Trustee; (c) Louis Young; (d) John Tenbusch; and (e) the employees listed on Exhibit B. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## WAIVER OF MEMORANDUM OF LAW REQUESTED

17. As this motion raises no novel issues of factor or law, and the legal basis relied upon by the Debtor has been adequately set forth herein, the Debtor requests that the requirement of a separate memorandum of law be waived.

*S&B\85363\002\MOTBRF\SB743629.PDF

4

## NO PRIOR REQUEST

18. The prior motion for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Debtor respectfully requests that this Honorable Court enter its order as set forth in the proposed order attached to this Motion as Exhibit A. In addition, the Debtor requests any and all other relief the Court believes available and appropriate.

                                        Respectfully submitted,
                                        **STROBL SHARP PLLC**

Dated: April 14, 2021              */s/ Lynn M. Brimer*
                                        LYNN M. BRIMER (P43291)
                                        PAMELA S. RITTER (P47886)
                                        Strobl Sharp PLLC
                                        300 E. Long Lake Road, Suite 200
                                        Bloomfield Hills, MI 48304-2376
                                        (248) 540-2300; fax (248) 645-2690
                                        *Proposed Attorneys for Debtor and Debtor in Possession*
                                        lbrimer@strobllaw.com
                                        pritter@strobllaw.cm

# Exhibit A

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**In re:**

| | |
|---|---|
| **LINEAR MOLD & ENGINEERING, LLC,** | Case No.: 21-42617-mar<br>Chapter 11 |
| **Debtor.** | Hon. Mark A. Randon |

### ORDER TO LIMIT NOTICE REQUIREMENTS PURSUANT TO FED.BANKR. RULE 2002: BANKR. E.D. MICH. L.B.R. 2002-4

Upon the Debtor's Motion to Limit Notice Requirements Pursuant to Fed.Bankr. Rule 2002 and Bankr. E.D. Mich. L.B.R. 2002-1 filed in the above-captioned matter, and the Court having jurisdiction pursuant to Sections 157 and 1334 of Title 28 of the United States Code to consider the Motion and the relief requested therein; and venue being proper in this Court pursuant to Sections 1408 and 1409 of Title 28 of the United States Code; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary,

**NOW THEREFORE,**

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**,

**IT IS FURTHER ORDERED** that notice of any future motion and notice of pleadings shall not be served on the 32 employees listed on Exhibit B to the Motion.

**IT IS FURTHER ORDERED** that notice of this Order shall be served by the Debtor in accordance with the procedure set forth herein.

# EXHIBIT B
## Employees to no longer receive notice

Page 1 of 2

| | |
|---|---|
| Boers, Michael<br>302 W. Fort St.<br>Grand Ledge, MI 48837 | Burrows, Adam<br>30800 South Hill Rd.<br>New Hudson, MI 48165 |
| Coats, John<br>1651 Lansing Rd.<br>Charlotte, MI 48813 | Dickerson, David<br>20409 Luckey Rd.<br>Pemberville, OH 43450 |
| Eitniear, Ike<br>564 Elm St.<br>Vermontville, MI 49096 | Fanfair, Michael G.<br>2482 Burwood Ct.<br>Highland, MI 48357 |
| Gonzales, Josef<br>765 3rd Ave.<br>Pontiac, MI 48340 | Haglund, Joseph<br>33639 Beechnut St.<br>Westland, MI 48186 |
| Jones, Joshua<br>1716 Lansing Rd., Lot 20<br>Charlotte, MI 48813 | Kerekes, Steven, C.<br>350 Church St., Apt. 5A<br>Olivet, MI 49076 |
| Kleinfelt, Kenneth<br>43 Lake Ride Dr.<br>Mason, MI 48854 | Kowalk, Douglas<br>824 W. Shepherd<br>Charlotte, MI 48813 |
| Krawczyk, James<br>5370 E. Kinsle<br>Charlotte, MI 48813 | Kunar, Craig A.<br>4429 Boydson Dr.<br>Toledo, MI 43623 |
| Landgraf, Manuela<br>235 N. Cochran Ave.<br>Charlotte, MI 48813 | Lawrence, Debora<br>228 Van Lieu St.<br>Charlotte, MI 48813 |
| McFee, John<br>113 Grant Ave.<br>Alma, MI 48801 | Mead, Jennifer<br>235 ½ N. Cochran Ave.<br>Charlotte, MI 48813 |
| Milligan, Christina<br>3773 Toles Rd.<br>Mason, MI 48854 | Myers, David<br>17467 Cedearlake Cir.<br>Northville, MI 48168 |

| | |
|---|---|
| Olivio, Sheila<br>1615 Oak Squire Ln.<br>Howell, MI 48855 | Peck, Trever R.<br>456 North Stine Rd.<br>Charlotte, MI 48813 |
| Penn, Hope<br>14196 Susanna St.<br>Livonia, MI 48154 | Richardson, Cody<br>3716 W. Jolly Rd., Apt. #8<br>Lansing, MI 48911 |
| Rivera, Nelson<br>419 E. Lovett<br>Charlotte, MI 48813 | Sinclair, Michael<br>416 E. Lovett<br>Charlotte, MI 48813 |
| Skrip, Steven<br>223 Prairie St.<br>Charlotte, MI 48813 | Spicer, Robyn<br>715 Arrowhead<br>Charlotte, MI 48813 |
| Tenbusch, Jack<br>49098 Veneto Dr.<br>Northville, MI 48167 | Thompson, Tyler<br>618 Pearl St.<br>Charlotte, MI 48813 |
| Thuma, Jacqueline<br>414 Pearl St.<br>Charlotte, MI 48813 | Tyler, Ryan<br>10021 Barnes Rd.<br>Eaton Rapids, MI 48827 |