# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**In re:**

**LINEAR MOLD & ENGINEERING, LLC,**

Case No.: 21-42617-mar
Chapter 11

Debtor.

Hon. Mark A. Randon

---

## APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR AN ORDER UNDER SECTION 327(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF JAMES J. BAUTERS AND UHY ADVISORS AS ACCOUNTANTS FOR DEBTOR

Linear Mold & Engineering, LLC. the debtor in this case (the "Debtor") hereby submits this application (the "Application") for entry of an order authorizing Debtor's retention of James J. Bauters ("Bauters") and UHY Advisors (the "Firm"), as its accountants. In support of this Application, the Debtor respectfully states as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. The statutory predicate for the relief sought herein is §327(a) of Title 11 of the United States Code (the "Bankruptcy Code").

2. Venue of this proceeding and this Application are proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

## Background

3. On March 26, 2021 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11, Subchapter V of Title 11, United States Code (the "Code") with this Court.

## Relief Requested

4. By this Application, the Debtor seeks to employ and retain Bauters and the Firm as its accountants with regard to this Chapter 11, Subchapter V case, and all related matters, effective as of the Petition Date. Accordingly, the Debtor respectfully requests entry of an order pursuant to §327(a) of the Bankruptcy Code authorizing it to employ and retain the Firm as its accountants to perform the accounting services that will be necessary during this Chapter 11, Subchapter V case.

5. On April 20, 2019, 2020, the Debtor retained Bauters and the Firm to assist with an analysis of the Debtor's operations.

6. The Debtor seeks to retain Bauters and Firm as its accountants because of Bauters' and the Firm's extensive experience and knowledge in the field of accounting services and their familiarity with the Debtor's books, records and operations. Accordingly, the Debtor believes that Bauters and the Firm are both well qualified and able to represent it in these Chapter 11, Subchapter V case

in an efficient and timely manner. The Affidavit of James J. Bauters is attached hereto as **Exhibit B**.

7. Subject to court approval under §330(a) of the Bankruptcy Code, compensation will be payable to the Firm on an hourly basis, plus reimbursement of actual, necessary expenses, and other charges incurred by the Firm. The hourly rates charged by Bauters and the Firm are consistent with the rates charged in non-bankruptcy matters of this type and are subject to periodic adjustments to reflect economic and other conditions.

8. Bauters and the Firm's hourly rates are set at a level designed to fairly compensate the Firm for the work of its financial consultants and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by the Firm from time-to-time. The present hourly rate for the financial consulting assigned to the Debtor is between $155.00 and $425.00 per hour. Bauters' hourly rate is $425.00 and he bills thru the Firm. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, photocopying, certain secretarial and other overtime expenses, long distance telephone calls, postage, travel, express mail and messenger charges, and other computer services, and telecopier charges. The Firm will charge the Debtor for these expenses in a

manner and at rates consistent with charges made generally to its other clients and consistent with the rules and practices of this Court.

9. The professional services that Bauters and the Firm will render to the Debtor may include, but shall not be limited to, the following:

> (a) Advise the Debtor with respect to its accounting and financial responsibilities and duties as debtor in possession in the continued management and operation of the business;
>
> (b) Advise and consult with the Debtor regarding tax matters;
>
> (c) Perform all necessary financial consulting services and provide all other necessary financial advice to the Debtor in connection with this Chapter 11, Subchapter V case.

10. To the best of the Debtor's knowledge, neither Bauters nor the Firm has represented the Debtor's creditors, its respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or the Subchapter V Trustee, in any matter relating to the Debtor or its estates.

11. On the Petition Date, the Firm did not have an outstanding balance owed to it by the Debtor. Therefore, the Firm does not have a prepetition claim against the Debtor.

12. To the best of Debtor's knowledge, the Firm does not hold or represent any interest adverse to the Debtor's estates, the Firm is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and

Bauters' employment is necessary and in the best interests of the Debtor and the Debtor's estate.

13. Prior to the petition date, the Firm did not receive a retainer from the Debtor for its professional services.

## Notice

14. Mark Shapiro, as Subchapter V Trustee, has been appointed in this case.

15. A complete copy of this Application has been served by email, facsimile, or first class mail on: (a) the United States Trustee, (b) the twenty largest unsecured creditors, (c) Mark Shapiro and (d) Level One Bank.

16. No prior Application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtor to employ and retain James J. Bauters and UHY Advisors as accountants for the Debtor and grant such further relief as is just and proper.

Date: _____, 2021

Respectfully submitted,

LINEAR MOLD & ENGINEERING, LLC

By: /s/ _____
John Tenbusch

STROBL SHARP PLLC

/s/ *Lynn M. Brimer*
LYNN M. BRIMER (P43291)
PAMELA S. RITTER (P47886)
Proposed Attorneys for Debtor
300 East Long Lake Road, Suite 200
Bloomfield Hills, MI 48304-2376
(248) 540-2300; fax (248) 205-2786
lbrimer@stroblpc.com
pritter@stroblpc.com

Date: April 12, 2021

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtor to employ and retain James J. Bauters and UHY Advisors as accountants for the Debtor and grant such further relief as is just and proper.

Date: 4/12, 2021

Respectfully submitted,

LINEAR MOLD & ENGINEERING, LLC

By: /s/
John Tenbusch

STROBL SHARP PLLC

/s/ *Lynn M. Brimer*
LYNN M. BRIMER (P43291)
PAMELA S. RITTER (P47886)
Proposed Attorneys for Debtor
300 East Long Lake Road, Suite 200
Bloomfield Hills, MI 48304-2376
(248) 540-2300; fax (248) 205-2786
lbrimer@stroblpc.com
pritter@stroblpc.com

Date: _____, 2021

C:\Users\jtenbusch\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\MUXKUFV3\Application to Employ Bauters and UHY-LINEAR (SB742436xB7BE6).doc

6

21-42617-mar    Doc 46    Filed 04/21/21    Entered 04/21/21 14:34:57    Page 7 of 15

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**In re:**

| | |
|---|---|
| **LINEAR MOLD & ENGINEERING, LLC,** | Case No.: 21-42617-mar<br>Chapter 11 |
| **Debtor.** | Hon. Mark A. Randon |

## ORDER AUTHORIZING THE EMPLOYMENT AND EMPLOYMENT AND RETENTION OF JAMES J. BAUTERS AND UHY ADVISORS AS ACCOUNTANTS FOR DEBTOR

Upon the application (the "Application") of the Debtor in the above-captioned Chapter 11 Subchapter V case, the Debtor seeks entry of an order, pursuant to §327(a) of Title 11, United States Bankruptcy Code (the "Bankruptcy Code"), authorizing the Debtor to employ and retain James J. Bauters and UHY Advisors ("Bauters" or the "Firm") as accountants for the Debtor; and upon the affidavit of James J. Bauters, an employee of the Firm (the "Bauters Affidavit"); and the Court being satisfied based on the representations made in the Application and Bauters Affidavit that the partners, managing directors, senior directors, directors and associates of the Firm who will be engaged in this case represent no interest adverse to the Debtor's estate with respect to the matters upon which they

are to be engaged, that they are disinterested persons and that term is defined under §101(14) of the Bankruptcy Code, as modified by §1107(b) of the Bankruptcy Code; and that its employment is necessary and would be in the best interest of the Debtor's estate; and after due deliberation and sufficient cause appearing therefore, it is:

**ORDERED** that the Application is GRANTED.

**IT IS FURTHER ORDERED** that in accordance with §327(a) of the Bankruptcy Code, the Debtor is authorized to employ and retain James J. Bauters and UHY Advisors as its accountants, effective as of the Petition Date, on the terms set forth in the Application and Bauters' Affidavit, and that all fees shall be subject to court approval.

**Exhibit B**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

| | |
|---|---|
| **LINEAR MOLD & ENGINEERING, LLC,** | Case No.: 21-42617-mar<br>**Chapter 11** |
| Debtor. | Hon. Mark A. Randon |

### AFFIDAVIT OF JAMES J. BAUTERS, CPA
### IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO
### SECTION 378(a) OF THE BANKRUPTCY CODE AUTHORIZING
### EMPLOYMENT AND RETENTION OF JAMES J. BAUTERS AND
### UHY ADVISORS AS ACCOUNTANTS FOR DEBTOR AND
### <u>DISCLOSURE STATEMENT OF UHY ADVISORS</u>

STATE OF MICHIGAN )
                            ) SS.
COUNTY OF OAKLAND )

James J. Bauters, being duly sworn, deposes and says:

1. I am an employee of UHY Advisors. ("Bauters" or the "Firm").

2. I am authorized to make this affidavit on the Firm's behalf. I have personal knowledge of the matters stated herein.

3. This Affidavit is submitted pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure in support of the application of the Debtor in the above-captioned Chapter 11 case (the "Debtor") for an order pursuant to Section

327(a) of the Bankruptcy Code authorizing the employment and retention of Bauters as accountant for the Debtor (the "Application").

## **DISINTERESTEDNESS OF PROFESSIONALS**

4. The Firm has no interest adverse to the Debtor, or its creditor in the bankruptcy proceeding known as Linear Mold & Engineering, LLC, Case No. 21-42617. The Firm has performed an internal conflict check of the Debtor in this Chapter 11 case and its creditors, and has identified no creditors which are clients of the Firm.

5. The Firm has provided prepetition services to the Debtor for which it is owed approximately $0.00. Therefore, the Firm has no prepetition claim against the Debtor. The Firm, however, does require a retainer of $10,000.00 from the Debtor for this bankruptcy engagement.

6. The Firm is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code, in that the Firm, its partners and associates:

    a. are not creditors, equity security holders or insiders of the Debtor;

    b. are not and were not investment bankers for any outstanding security of the Debtor;

    c. have not been, within three years before the date of the filing of the Debtor's Chapter 11 petitions, (i) investment bankers for a security of the Debtor, or (ii) an attorney for such an investment

banker in connection with the offer, sale, or issuance of a security of the Debtor; and

    d. are not and were not, within two years before the date of filing of the Debtor's Chapter 11 petition, a director, officer, or employee of the Debtor or any investment banker as specified in subparagraph (b) or (c) of this paragraph.

7. I am not related, and to the best of my knowledge, nor are any principals or associates at the Firm related, to any United States Bankruptcy Judge in this District, the United States Trustee for such district, the Subchapter V Trustee or any employee thereof.

8. The Debtor has requested that the Firm act as accountants for the Debtor and that the Firm continue to provide ongoing accounting services to the Debtor.

9. I will periodically review the Firms files during the pendency of these Chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the firm will use reasonable efforts to identify such further developments and will promptly file a Supplemental Affidavit as Bankruptcy Rule 2014(a) requires.

### Services to be Rendered

10. The Debtor has requested that the Firm render the following professional services in connection with these Chapter 11 cases:

    a. advise the Debtor with respect to their post-petition accounting and financial responsibilities and duties as a debtor;

b. advise and consult with the Debtor regarding tax matters; and

c. perform all necessary accounting, tax services, and financial advice to the Debtor in connection with this Chapter 11 Subchapter V case.

## Professional Compensation

11. As a result of the Firm having no prepetition claim against the Debtor, the Debtor does not owe the Firm any amounts for accounting services rendered prior to the Petition Date. The Firm is not a creditor of the Debtor. The Firm is not holding any funds in a client trust account from a prior retainer received from the Debtor.

12. The Firm intends to apply for compensation for professional services rendered in connection with these Chapter 11 case subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, this Court's Local Rules, and Orders of this Court, on an hourly basis, plus reinstatement of actual and necessary expenses and other charges that the Firm incurs. The Firm will charge hourly rates to the Debtor that are consistent with the rates charged by the Firm in bankruptcy and non-bankruptcy matters of this type. These hourly rates are subject to periodic adjustment to reflect economic and other conditions.

13. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses

charged to clients include, among other things, photocopying, travel expenses, certain secretarial and other overtime expenses, long distance telephone calls, postage, express mail and messenger charges, other computer services, and telecopier charges. The Firm will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and consistent with the Rules, Procedures and Orders of the Court.

14. No promises have been received by the Firm nor by any shareholder, or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these Chapter 11 cases, except pursuant to the Firm's shareholder agreement.

15. The hourly rate for the accountants to be assigned to the Debtor's case is between $155.00 and $425.00 per hour.

16. The Firm further states pursuant to Federal Rule of Bankruptcy Procedure 2016(b) that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the shareholder and associates of the Firm, or (b) any compensation another person or party has received or may receive from the Debtor.

Pursuant to 28 USC § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**FURTHER DEPONENT SAYETH NOT.**

Dated: April 9, 2021

James J. Bauters, CPA

Subscribed and sworn to before me this 9th day of April, 2021.

_Kenyetta Jackson_, Notary Public
County of Oakland, State of Michigan
My Commission Expires: November 25, 2022
Acting in Oakland County, Michigan

KENYETTA JACKSON
Notary Public - State of Michigan
County of Oakland
My Commission Expires Nov 25, 2022
Acting in the County of Oakland

C:\Users\baut01009\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\IQSU0UM4\Application to Employ Bauters and UHY-LINEAR (SB742436xB7BE6).doc

14

21-42617-mar    Doc 46    Filed 04/21/21    Entered 04/21/21 14:34:57    Page 15 of 15