UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

LINEAR MOLD & ENGINEERING, LLC,

      Debtor.

Case No.: 21-42617-mar
Chapter 11

Hon. Mark A. Randon

**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY
OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 363, 364,
503(B), 1107(A), AND 1108, BANKRUPTCY RULES 6003 AND 6004,
AND LOCAL RULE 4001-4 (A) AUTHORIZING THE DEBTOR TO
(I) HONOR CERTAIN PREPETITION OBLIGATIONS OWED TO
CERTAIN CRITICAL VENDORS AND (II) CONTINUE PREPETITION
PRACTICES WITH CERTAIN CRITICAL VENDORS AND (B)
AUTHORIZING ALL BANKS AND OTHER FINANCIAL INSTITUTIONS
TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

This matter coming before the Court on the Debtor's Motion for Entry of An Order Pursuant to 11 U.S.C. §§ 105(A), 363, 364, 503(B), 1107(A), and 1108, Bankruptcy Rules 6003 and 6004, and Local Rule 4001-4 (A) Authorizing the Debtor to (I) Honor Certain Prepetition Obligations Owed to Certain Critical Vendors and (II) Continue Prepetition Practices with Certain Critical Vendors and (B) Authorizing All Banks and Other Financial Institutions to Honor and Process Related Checks and Transfers (the "Motion") filed by the above-captioned Debtor and Debtor-in-Possession (the "Debtor"); the Court having reviewed the Motion and having heard statements of counsel in support of the Motion at a hearing before the

Court; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) service and notice of the Motion was sufficient under the circumstances; and (c) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion shall be, and hereby is, GRANTED.

2. Capitalized terms used, but not otherwise defined herein, shall have the meanings given to them in the Motion.

3. The Debtor is hereby authorized, but not directed, in its business judgment and sole discretion, to pay the Critical Vendor Claims of the Critical Vendors in an aggregate amount not to exceed $65,063.31, as set forth in the Motion.

4. The Debtor is authorized, but not directed, to undertake appropriate efforts to cause Critical Vendors to enter into a Trade Agreement with the Debtor as a condition of payment of each such Critical Vendor's Critical Vendor Claims.

5. The Debtor is hereby authorized, but not directed, in its sole discretion, to continue during the post-petition period its prepetition practices with the Critical Vendors as set forth in the Motion.

6. All banks and other financial institutions are hereby directed to receive, process, honor, and pay any and all checks presented for payment and electronic transfer requests made by the Debtor related to the payment of the obligations

described in the Motion and approved herein, whether such checks were presented or such electronic transfer requests were submitted before, or are presented or submitted after, the Petition Date. All such banks and financial institutes are further directed to rely on the Debtor's designation of any particular check or electronic payment request as approved pursuant to this Order.

7. The Debtor is authorized to condition the payment of the Critical Vendor Claims on the agreement of the individual Critical Vendor to continue supplying goods to the Debtor according to Customary Trade Terms or such other trade terms as are agreed to by the Debtor and the Critical Vendor as set forth in the Motion.

8. Nothing in this Order or the Motion is intended or should be construed as (a) an admission as to the validity or priority of any claim against the Debtor (b) a waiver of the Debtor's rights to dispute any claim, including the validity of priority thereof, or (c) a promise to pay any claim, (d) an implication or admission that any particular claim would constitute a Critical Vendor Claim, or (e) an approval of assumption of any agreement, contract or lease whether under section 365(a) of the Bankruptcy Code or otherwise. Likewise, any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtor's rights to subsequently dispute such claim.

9. Nothing in the Motion or this Order, nor the Debtor's implementation of the relief granted in this Order, shall be deemed to modify or waive any of the Debtor's rights with respect to goods and services requested or received from the Critical Vendors including the Debtor's rights to (a) cancel a purchase order (including any outstanding purchase orders), (b) decline the acceptance of goods and services, (c) return any defective, nonconforming or unacceptable good, or (d) contest the amount of any invoice or claims, or liens related thereto, on any grounds.

10. All payments made in accordance with this Order shall be subject to the terms and conditions set forth in the Order Granting Debtor's First Day Motion Pursuant to Sections 105(a), 361, 362, 363, 364 and 552 of the Bankruptcy Code and Bankruptcy Rule 4001(b) for Entry of Interim and Final Orders (A) Authorizing Use of Cash Collateral, (B) Granting Adequate Protection, and (C) Scheduling a Final Hearing on the Motion (the "<u>Cash Collateral Order</u>"), and to the extent that any provision herein is inconsistent with the terms of the Cash Collateral Order, the Cash Collateral Order shall control.

11. All payments made in accordance with this Order shall be subject to and reflected in the Debtor's Budget.

12. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of this Motion.

13. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. The Debtor is authorized to take all actions necessary to implement this Order.

15. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

**Signed on June 1, 2021**



/s/ Mark A. Randon

**Mark A. Randon**
**United States Bankruptcy Judge**