UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                            Case No. 21-42617-mar

**Linear Mold & Engineering, LLC**            Chapter 11

          Debtor.                                  Hon. Mark A. Randon

_____

**UNITED STATES TRUSTEE'S OBJECTION TO CONFIRMATION OF
DEBTOR'S PLAN OF REORGANIZATION**

Andrew R. Vara, United States Trustee, for his Objection to Confirmation of Debtor's Plan of Liquidation (the "Plan"), states:

**Preliminary Statement**

The United States Trustee objects to confirmation of the Plan because it contains impermissible exculpation clauses. These clauses should be omitted or modified consistent with current law.

**The Exculpatory Provisions Are Overbroad and Must Not be Approved**

1. The Plan contains the following definition of Exculpated Claim:

"Exculpated Claim" means any Claim against the Debtor, the Reorganized Debtor, its officers, employees, agents or Professionals related to any act or omission in connection with, relating to, or against of this this Chapter 11 Case, the filing of this Plan or any contract, instrument, release, or other agreement or document created or entered into in connection therewith, the filing of this Case, or any actions taken during the pendency of this Case or the administration or implementation of this Plan or the distribution of property thereunder. *Article XI, Section 11.25, page 44 of the Plan.*

2. The Plan provision regarding exculpation states:

> Except as otherwise provided in the Plan, no person that is acting or has acted for on behalf of the Debtor or the Reorganized Debtor shall have or incur, and are hereby release and exculpated from, any claim, obligation, cause of action or liability for any Exculpated Claim, except for gross negligence of willful misconduct. The Debtor and Reorganized Debtor and its respective affiliates, agents, directors, members, shareholders, managers, officers, employees, advisors and attorneys, have and on the Effective Date shall be deemed to have, participated in compliance with the applicable provisions of the Bankruptcy Code and shall not be liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. *Article XII, Section 12.2, page 48 of the Plan.*

3. Exculpatory clauses in chapter 11 plans for non-estate fiduciaries should be narrowly tailored to include only actions between the filing date of the case and the effective date of the plan. Exculpation clauses should not include breaches of fiduciary duty or negligence, which should be carved out along with gross negligence and willful misconduct. *In re WCI Cable, Inc.*, 282 B.R. 457 (Bankr. D. Or. 2002) (court held that provision purporting to exculpate debtors' officers, directors, employees and agents, from any liability except for acts of willful misconduct or gross negligence, was inconsistent with the Bankruptcy Code, and precluded confirmation absent amendment to include acts of negligence and of fiduciary breach within exception to exculpation.) Fiduciaries of the estate, like trustees, are subject to personal liability for intentional and negligent violations of duties imposed by law. *WCI Cable*, 282 B.R. at 478-79, *quoting In re Allegheny Intern., Inc.,* 100 B.R. 244, 246-247 (Bankr. W.D. Pa. 1989) (*Allegheny* court stated that "…holding a fiduciary harmless for its own negligence is shockingly

inconsistent with the strict standard of conduct for fiduciaries.") *See also* MRPC 1.8(h)(1), which states:

> (h) A lawyer shall not:
> (1) make an agreement prospectively limiting the lawyer's liability to a client for malpractice unless permitted by law and the client is independently represented in making the agreement[.]

4. The Debtor's exculpation clause is overbroad, stating that no person with any connection to the Debtor, including all successors and assigns, and including its professionals, who acted on behalf of the Debtor shall be held liable for any claim or liability, carving out only acts of gross negligence and willful misconduct as determined.

5. The Debtor's definition of an exculpated party is so inclusive it is impossible to identify with specificity who is protected. The sheer numerosity of who is included as an exculpated party demands this provision be stricken from the Plan.

6. The exculpation clause is also objectionable because it is not limited to acts or claims arising from the date of filing of the bankruptcy petition to the effective date. *Fraser Boiler Service, Inc.*, 593 B.R. 636, 641-642 (Bankr. W.D. Wash. 2018) (holding that exculpation clauses should be clear that only post-petition acts will be exculpated and post effective date acts will not be exculpated.)

7. Section 105 of the Bankruptcy Code, generally relied on to support exculpation and release provisions in chapter 11 plans, does not create substantive rights that are otherwise unavailable under the Bankruptcy Code. *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423 *n.1* (6th Cir. 2000) (acknowledging that "§ 105 does not itself create a private right of action … "a court may invoke § 105(a) 'if the equitable remedy utilized is demonstrably necessary to preserve a right elsewhere provided in the Code….'" (*Citations omitted*.)

8. The United States Trustee requests the Court strike the exculpation provision of the Plan.

WHEREFORE, the United States Trustee requests this Court deny confirmation of the Debtor's Plan to the extent it includes an overreaching exculpation clause.

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
Regions 3 and 9

By  /s/ Jill M. Gies
Jill.Gies@usdoj.gov
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
(313) 226-7999

Dated: July 12, 2021

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 21-42617-mar

**Linear Mold & Engineering, LLC**  Chapter 11

    Debtor.  Hon. Mark A. Randon

**CERTIFICATE OF SERVICE OF
UNITED STATES TRUSTEE'S OBJECTION TO CONFIRMATION OF
DEBTOR'S PLAN OF LIQUIDATION**

    I hereby certify that on July 12, 2021, the foregoing document was filed through the Clerk's electronic filing system and was thereby served on parties who have requested electronic notice.

                                                **ANDREW R. VARA
UNITED STATES TRUSTEE**
Regions 3 and 9

By:   /s/ Jill M. Gies
        Office of the U.S. Trustee
        211 West Fort St - Suite 700
        Detroit, Michigan 48226
        (313) 226-7999
        Jill.Gies@usdoj.gov

Dated: July 12, 2021