# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**In re:**

**LINEAR MOLD & ENGINEERING, LLC,**

Case No.: 21-42617-mar
Chapter 11

**Debtor.**

Hon. Mark A. Randon

## ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION IN THIS SUBCHAPTER V CHAPTER 11 PROCEEDING UNDER 11 U.S.C. § 1191(a)

Linear Mold & Engineering, LLC ("Liner Mold" or the "Debtor"), as Debtor and Debtor in Possession, by and through its attorneys, Strobl Sharp PLLC, having filed its Plan of Liquidation (the "Plan") [Docket No. 100]; proper notice of the Plan having been served and the Court having held a hearing on confirmation of the Plan on August 2, 2021; and the Plan (the "Plan") generally providing as follows:

    A.    Class I consists of the arrearage claims of the executory contract holders of the Debtor. The Debtor has previously assumed its commercial real estate leases with industrial Globe Street, LLC and In-Mold Solutions, LLC. As modified herein, the Debtor assumes the executory contracts with TCF Equipment Finance, as assignee of Renaissance Capital, Siemens Financial Services, Inc. ("Siemens"), and Priority Health. The Debtors rejects all executory contracts not specifically

assumed, including but, not limited to the executory contracts with Konica Minolta. Class I has voted to accept the Plan.

  B. Class II consists of the secured claim of Level One Bank. As modified herein, the Class II claim of Level One Bank shall be paid in full. Class II withdraws its rejection of the Plan and Objection to Confirmation, and hereby accepts the Plan as modified by the Order.

  C. Class III consists of the Complete Capital Services as serviced by Bank of the West. Class III has voted to accept the Plan.

  D. Class IV consists of the secured claim of U.S. Bank as assignee of Complete Capital Services. Class IV has voted to accept the Plan.

  E. Class V consists of the secured claim of Highland Capital Corporation. Class V has voted to accept the Plan.

  F. Class VI consists of the secured claim of Midland State Bank.

  G. Class VII consists of the secured claim of CIT Bank.

  H. Class VIII consists of the secured claim of LEAF Capital Funding as the assignee of Peoples Capital Leasing Corp. Class VIII has voted to accept the Plan.

  I. Class IX consists of the general unsecured claims against Debtors estate. Class IX has voted to accept the Plan.

J. Class X consists of the unsecured claims of the Debtors insiders. Class X has voted to accept the Plan.

K. Class XI consists of the Debtor's equity member, Linear Acquisition, LLC. The Class XI member submitted a ballot accepting the Plan.

L. Class II consisting of the secured claim of Level One Bank voted to reject the Plan. Level One has withdrawn its rejection of the Plan and has agreed to accept the Plan as modified herein. As of confirmation there is no rejecting class.

M. A hearing on confirmation of the Plan having been held on August 2, 2021 and the Court being otherwise fully and duly advised in the premises.

**NOW, THEREFORE**, the Court hereby makes the following Findings of Fact and Orders as follows:

## FINDINGS OF FACT

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[1] and the Federal Rules of Bankruptcy Procedure ("FRBP").

2. Venue is proper before this Court under U.S.C. §§ 1408 and 1409.

---

[1] The term "Bankruptcy Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

3. Adequate and sufficient notice of the Plan and the Confirmation Hearing, along with all deadlines for voting on or filing objections to the Plan, has been given to all known holders of claims and interests. [Order Establishing Deadlines and Procedures, Docket No. 73; Debtor's Plan of Reorganization, Docket No. 100; Certificate of Service of Plan, Docket No. 102]. The Verified Ballot Report pertaining to the Plan [Doc. No. 125] was filed with the Court on July 26, 2021. The Plan was transmitted and served in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Scheduling Order and such transmittals and service were adequate and sufficient. Notice of the Confirmation Hearing, the opportunity for any party in interest to object to confirmation and all dates were adequate and appropriate and in accordance with Bankruptcy Rule 2002(b) as to all parties to be affected by the Plan and the transactions contemplated thereby. No other or further notice is required.

4. Group I consists of the administrative claims against the Debtor, including the allowed professional fees. Group I is not impaired.

5. Group II consists of the secured claims of the Small Business Administration. Group II is not impaired

6. Group III consists of the priority wage claim of Louis Young and John Tenbusch. Group III is not impaired.

7. Class I consists of the arrearage claim of the executory contract holders of the Debtor, to the extent such exist at the time of Confirmation.

8. Class II consists of the secured claim of Level One Bank. The Court specifically finds that Level One Bank's secured claim is fully secured.

9. Class III consists of the Complete Capital Services as serviced by Bank of the West. Class III voted to accept the Plan.

10. Class IV consists of the secured claim of U.S. Bank as assignee of Complete Capital Services. Class IV voted to accept the Plan.

11. Class V consists of the secured claim of Highland Capital Corporation. Class V voted to accept the Plan.

12. Class VI consists of the secured claim of Midland State Bank.

13. Class VII consists of the secured claim of CIT Bank.

14. Class VIII consists of the secured claim of LEAF Capital Funding as the assignee of Peoples Capital Leasing Corp. Class VIII voted to accept the Plan.

15. Class IX consists of the general unsecured claims against Debtor's estate. Class IX voted to accept the Plan.

16. Class X consists of the unsecured claims of the Debtors insiders. Class X voted to accept the Plan.

17. Class XI consists of the Debtor's equity member, Linear Acquisition, LLC. The Class XI member submitted a ballot accepting the Plan.

18. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to the other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classifications do not unfairly discriminate among the holders of claims. The classification of claims in the Plan is reasonable.

19. Pursuant to 11 U.S.C. § 1123(a)(2), the Plan properly specifies all classes of claims or interests that are not impaired under the Plan. Pursuant to 11 U.S.C. § 1123(a)(3), the Plan properly specifies all classes of claims or interests that are impaired under the Plan.

20. Pursuant to 11 U.S.C. § 1123(a)(3), the Plan properly specifies all classes of claims or interests that are not impaired under the Plan.

21. Pursuant to 11 U.S.C. § 1123(a)(4), the Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

22. The Plan complies with all applicable provisions of Chapter 11 of the United States Bankruptcy Code.

23. The Plan has been proposed in good faith and neither the Plan, nor the means by which it was proposed, are forbidden by any law.

24. All payments to be made or promised by the Debtor have been disclosed to the Court and are reasonable.

25. The Plan does not unfairly discriminate against any class of creditors.

26. No regulatory commission has any jurisdiction over this matter.

27. Each holder of a claim or interest in each Group or Class will receive or retain under the Plan as of the Effective Date of the Plan not less than the amount the holder would receive if the Debtor had filed a liquidation under Chapter 7 of the Bankruptcy Code.

28. The Plan complies with all provisions of 11 U.S.C. § 1129(a) and (b) and 1191.

29. The Plan provides that holders of priority claims will receive either cash equal to the allowed amount of such claims or deferred cash payments equal to the allowed amounts of such claims. To the extent that such claims are treated otherwise, the holders of such claims have accepted the Plan.

30. The Court finds that the Plan is fair, feasible and equitable.

31. The Plan satisfies and complies with the relevant provisions of 11 U.S.C. §1129(a) and, as a result, is confirmed under § 1191(a).

**NOW, THEREFORE**, upon application of the Debtor:

**IT IS ORDERED** that Debtor's Plan of Reorganization filed with the Court on June 24, 2021 [Docket No. 100] and as modified herein is hereby confirmed under 11 U.S.C. § 1191(a).

**IT IS FURTHER ORDERED** that pursuant to 11 U.S.C. § 1141(a), except as provided in 11 U.S.C. § 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, bind the Debtor, any Creditor, and Debtor's equity security holders, whether or not the claim of such interest or creditor, is impaired under the Plan and whether such creditor or interest holder has accepted the Plan.

**IT IS FURTHER ORDERED** that the failure of this Order to reference or address all or part of any particular provision of the Plan has no effect on the validity, binding effect or enforceability of such provision and such provision has the same validity, binding effect and enforceability as every other provision in the Plan. In the event of any inconsistencies between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

**IT IS FURTHER ORDERED** that the treatment of the Level One Bank Class II claim as set forth in section 3.3.2 shall be modified as follows: (1) paragraph 3.2.2.1(b) shall be modified to provide that the Debtor shall make eighteen (18) monthly payments beginning on the first day of the thirteenth (13th) full month after the Confirmation Date in the amount of $17,000.00; and (2) paragraph 3.2.2.1(c)

shall be modified to provide that the remaining balance shall be paid in full in the thirty-first (31st) full month after the Confirmation Date.

**IT IS FURTHER ORDERED** that section 4.2 of the Plan is modified as follows: Upon the failure of the Debtor to make any payment due under this Plan to Level One, which is not cured within ten (10) business days of the mailing of written notice of default to Debtor's counsel, Level One may seek relief from this Court.

**IT IS FURTHER ORDERED** that Level One Bank shall retain its lien against the Debtor's post-Petition and post-Confirmation assets in the same priority and to the same extent as such liens existed on the Petition Date.

**IT IS FURHTER ORDERED** that all of the terms of the Siemens Executory Lease, as amended by the Amendment attached to the Debtor's Motion for Entry of Order Authorizing Assumption of Executory Equipment Lease with Siemens Financial, Inc. [Docket No. 98] or as otherwise amended by agreement of both the Debtor and Siemens, are incorporated into the Plan by reference and all such terms are and shall remain in full force and effect.

**IT IS FURTHER ORDERED** that notwithstanding any language in the Plan and/or this Confirmation order to the contrary, (a) all guarantors of the Debtor's obligations (including John Tenbusch and Louis Young) shall remain liable for such guaranty obligations, including, without limitation, remaining liable for the Debtor's

obligations as set forth in and/or modified by the Plan and/or this Confirmation Order; (b) nothing in the Plan and/or Confirmation Order shall release such guarantor from their guaranty obligations to Siemens; and (c) notwithstanding anything herein to the contrary, including this paragraph, nothing in the Plan and/or this Confirmation Order shall modify the guarantors' obligations to Level One Bank.

**IT IS FURTHER ORDERED** that the Debtor shall assume the executory Small Group Agreement dated February 1, 2017 (the "Priority Health Contract") between Priority Health and the Debtor and that Debtor shall pay any cure amount due under the Priority Health Contract in full on or before the Effective Date.

**IT IS FURTHER ORDERDED** that paragraphs 11.25 and 12.2 of the Plan are hereby stricken from the Plan and are of no further force or effect.

**IT IS FURTHER ORDERED** that John Tenbusch shall serve as the disbursing agent and shall file a report with the Court accounting for the disbursement of the Debtor's funds.

**IT IS FURTHER ORDERED** that the Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or Orders of this Court.

**IT IS FURTHER ORDERED** that the Debtor will file, in accordance with 11 U.S.C. §§ 1106(a)(1) and 1107 and F.R.B.P. 2015(a), post-confirmation monthly

operating reports no later than twenty (20) days subsequent to the end of each month and serve copies on the United States Trustee and the Subchapter V Trustee, until the Court enters an Order closing, dismissing or converting the case.

**IT IS FURTHER ORDERED** that all professional fee applications shall be filed within thirty (30) days of the Confirmation Date.

**Signed on August 2, 2021**



/s/ Mark A. Randon
Mark A. Randon
United States Bankruptcy Judge