# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

| | |
|---|---|
| **LINEAR MOLD & ENGINEERING, LLC,** | Case No.: 21-42617-mar<br>Chapter 11 |
| Debtor. | Hon. Mark A. Randon |

## DEBTOR'S MOTION TO APPROVE SETTLEMENT AND COMPROMISE OF PREFERENCE CLAIM WITH CONSUMERS ENERGY COMPANY

Linear Mold & Engineering, LLC (the "Debtor and Linear") as Debtor, by and through its attorneys, Strobl Sharp PLLC, brings this Motion to Approve Settlement and Compromise of Preference Claim with Consumers Energy, and respectfully states as follows:

### INTRODUCTION

1. Through this Motion, the Debtor requests authority to resolve the claim against Consumers Energy Company ("Consumers") in connection with the recovery of preferential payments pursuant to Section 547 of the Bankruptcy Code. Consumers will pay the Debtor Thirty-Six Thousand Five Hundred Fifteen and 84/100 Dollars ($36,515.84) (the "Settlement Payment") within ten (10) days of the entry of the order approving settlement.

1

## JURISDICTION

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested are 11 U.S.C. §§363 and 1107, and Fed. R. Bankr. P. 9019.

## BACKGROUND

5. On March 26, 2021 (the "Petition Date"), Linear filed its voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code with this Court. The Debtor was authorized to continue to operate its business and to manage its assets as Debtor in Possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6. On May 26, 2021, Linear sent a demand letter to Consumers seeking recovery of Eighty-Five Thousand Three Hundred Thirty-Four and 09/100 Dollars ($85,334.09) in alleged preferential payments made to Consumers during the 90-day period before the Petition Date. See **Exhibit B**.

7. Based on pre-litigation settlement discussions with Consumers, Linear seeks settlement of its claim without litigation.

2

## THE SETTLEMENT

8. Consumers has agreed to pay Thirty-Six Thousand Five Hundred Fifteen and 84/100 Dollars ($36,515.84) to the Debtor within ten (10) days of the entry of the order approving the settlement agreement regarding preferential payments.

9. The Debtor and Consumers have entered into a Settlement Agreement and Mutual Release memorializing in greater detail the terms of the settlement outlined in paragraphs 1 and 8, *supra*. See **Exhibit C**.

10. Under Fed. R. Bankr. P. 9019, on motion and after notice and a hearing, the Court may approve a compromise or settlement after notice is provided to all parties required to be served, as provided in Fed. R. Bankr. P. 2002.

11. Settlements are generally favored by the law. *In re Dow Corning Corp.*, 198 B.R. 214, 221 (Bankr. E.D. Mich. 1996); *In re Miller Parking*, 510 B.R. 123 (E.D. Mich. 2014). Before approving a settlement, the Court must "apprise itself of all facts necessary to evaluate the settlement and make an informed and independent judgment as to whether the compromise is fair and equitable." *In re Greektown Holdings, LLC*, 728 F.3d 567, 575 (6th Cir. 2013) quoting *Bard v. Sicherman (In re Bard)*, 49 Fed.Appx. 528, 530 (6th Cir. 2002). In determining if a settlement is fair, the Court should consider (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter

of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In re Greektown Holdings, LLC*, 728 F.3d 567, 575 n. 6 (6th Cir. 2013)

12. Giving appropriate consideration to the above factors, the risk to the Debtor, the complexity of the issues and the other risks inherent in litigation, and weighing those fees and expenses that the Debtor would necessarily incur if the claims, third party claims and counter-claims in this matter were pursued through trial, and the delay and inconvenience that would be involved therewith even if the Debtor were to prevail, the Debtor believes that the Settlement is in the best interest of the Debtor's Estate.

## NOTICE

13. Notice of this settlement shall be sent to (1) the entire creditor Matrix; (2) Consumers Energy; (3) the United States Trustee; and (4) the Subchapter V Trustee.

## NO PRIOR REQUEST

14. No prior motion for the relief requested herein has been made to this or any other court.

**WHEREFORE,** the Debtor respectfully requests that this Court approve the settlement and enter the proposed Order attached hereto as **Exhibit A** and grant to

the Debtor such other and further relief as is just and appropriate in the circumstances.

Respectfully Submitted,

STROBL SHARP PLLC

Dated: August 12, 2021          By:      /s/     Lynn M. Brimer
                                         LYNN M. BRIMER (P43291)
                                         PAMELA S. RITTER (P47886)
                                         Strobl Sharp PLLC
                                         Attorneys for Debtor
                                         300 East Long Lake Road, Suite 200
                                         Bloomfield Hills, MI 48304-2376
                                         Telephone: (248) 540-2300
                                         Facsimile: (248) 645-2690
                                         E-Mail: lbrimer@strobllaw.com

*S&B\85363\002\BANKRUPT\SB753685.DOCX

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

| | |
|---|---|
| **LINEAR MOLD & ENGINEERING, LLC,** | Case No.: 21-42617-mar<br>Chapter 11 |
| **Debtor.** | Hon. Mark A. Randon |

---

### ORDER GRANTING DEBTOR'S MOTION TO APPROVE SETTLEMENT AND COMPROMISE OF PREFERENCE CLAIM WITH <u>CONSUMERS ENERGY COMPANY</u>

The Debtor having filed its Motion to Approve Settlement and Compromise (the "Motion") and having provided adequate notice and an opportunity for hearing on the Motion to all parties required to be served, and the Court finding that the proposed settlement is in the best interests of the Debtor, its estate and its creditors, and the Court being fully apprised of the premises and finding good cause exists for the entry of this order;

**IT IS HEREBY ORDERED THAT** the settlement of the Debtor's claim for preferential payments against Consumers Energy Company is approved, and the Debtor is authorized and directed to take all appropriate action to implement the settlement.

# EXHIBIT B



**ATTORNEYS & COUNSELORS**

300 East Long Lake Road, Suite 200
Bloomfield Hills, MI 48304

t 248 540 2300
f 248 645 2690
www.stroblandsharp.com

Lynn M. Brimer
Direct: (248) 205-2772
Fax: (248) 205-2786
E-mail: lbrimer@stroblpc.com

May 26, 2021

*Via Email Only,*
Jason.Milstone@cmsenergy.com

Jason Milstone
Consumers Energy
One Energy Plaza
Jackson, MI 49201

Re: **Linear Mold & Engineering, LLC**
**Case No. 21-42617-mar**
**United States Bankruptcy Court for the Eastern District of Michigan**

Dear Mr. Milstone:

As you are aware, we represent Linear Mold & Engineering, LLC ("Linear" or the "Debtor"), in connection with its chapter 11 bankruptcy filed on March 26, 2021 (the "Petition Date"), in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division, Case No. 21-42617. Consumers Energy received payments during the ninety (90) days prior to the Petition Date in the amount of $85,334.09 (the "Preference Payments") as reflected in the attached schedule. Pursuant to 11 U.S.C. §547(b), such payments are considered preferential transfers and are recoverable by the Debtor's bankruptcy estate.

Demand is hereby made for immediate payment in full of the Preference Payments. If such payment is not received by this office on or before the close of business Eastern time, June 15, 2021, we will assume Consumers Energy does not wish to amicably resolve this matter. Linear reserves all rights to pursue any and all legal and equitable remedies available to it in such event.

Do not hesitate to contact me if you have any questions or comments. We look forward to your prompt response.

Very truly yours,

**STROBL SHARP PLLC**

Lynn M. Brimer

LMB/
Enclosure
cc: Linear Mold & Engineering




**CONSUMERS ENERGY**

| | | | |
|---|---|---|---:|
| Bill Pmt -Check | 01/11/2021 | 1112021 | $10,000.00 |
| Bill Pmt -Check | 02/02/2021 | 2022021 | $3,030.50 |
| Bill Pmt -Check | 02/02/2021 | 20220211 | $16,071.52 |
| Bill Pmt -Check | 02/11/2021 | 2112021 | $28,900.75 |
| Bill Pmt -Check | 03/02/2021 | 322021 | $24,306.46 |
| Bill Pmt -Check | 03/02/2021 | 322021 | $3,024.86 |
| | | | $85,334.09 |

# EXHIBIT C

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("Agreement") is entered into as the 29th day of July 2021, by and between Consumers Energy Company ("Consumers"), a Michigan corporation with its principal place of business located at One Energy Plaza in Jackson, MI 49201 and Linear Mold & Engineering, LLC, a Michigan limited liability with its principal place located at 12163 Globe St., Livonia, MI 48150 ("Linear" or the "Debtor").

## RECITALS

A. On March 26, 2021 (the "Petition Date"), Linear filed its voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Michigan under Case No. 21-42617-mar (the "Bankruptcy Case").

B. On May 26, 2021, Linear sent Consumers a demand letter (the "Preference Demand") seeking to recover Eighty-Five Thousand Three Hundred Thirty-Four and 09/100 Dollars ($85,334.09) pursuant to 11 U.S.C. §547(b) for transfers made during the 90-day period before the Petition Date (the "Preference Period"). Consumers has asserted new value defense under Section 547 of the

1

Bankruptcy Code. After the application of Consumers new value defense, the Debtor has a remaining preference claim in the amount of $36,515.84.

C. Linear and Consumers desire to settle all claims in connection with the Preference Demand without the delay and expense of litigation.

## AGREEMENT

Therefore, in order to resolve all disputes between the parties, Linear and Consumers agree to the following:

1. Consumers agrees to pay a total of Thirty-Six Thousand Five Hundred Fifteen and 84/100 Dollars ($36,515.84) to the Debtor as resolution of the Preference Demand (the "Settlement Payment").

2. The Settlement Payment shall be paid to Debtor within ten (10) days of the approval of this Agreement by the Bankruptcy Court. If the Settlement Payment is not timely paid, or if Consumers brings a subsequent legal proceeding to disgorge, avoid or otherwise recover the Settlement Payment in whole or in part, Consumers will be in default under this Agreement and Debtor may file an Adversary Proceeding to recover the Preference Demand and/or seek to enforce this Agreement either in the Bankruptcy Court or other court of competent jurisdiction. In the event of a default by Consumers under this Agreement, Consumers will be responsible for all costs incurred by Debtor relating in any way to this matter, beginning on the date the default occurred and continuing until

2

Consumers has fulfilled completely all obligations owed by Consumers under this Agreement. Costs may include, without limitation, the costs of reopening the Bankruptcy Case, filing fees associated with prosecuting the Adversary Proceeding, fees incurred in collecting the amounts owed under this Agreement, appellate costs and any other actions taken to enforce this Agreement. These costs shall be added to any judgment in favor of the Debtor.

3. Upon receipt of the Settlement Payment, the Debtor, the reorganized Debtor and Consumers waive, release and relinquish any and all claims each has against the other, their successors, subsidiaries, related entities, affiliates, representatives, directors, officers, owners, agents, attorneys, employees and assigns, relating in any way to the Preference Demand with the exception of any amounts paid by Consumers to the Debtor under the terms of this Settlement Agreement that Consumers, in its discretion, opts to include as additional pre-petition debt in a proof of claim. This waiver, release and relinquishment is permanent and irrevocable except that nothing in this Settlement Agreement waives, releases or relinquishes claims arising as a result of a default under this Settlement Agreement until all obligations under this Settlement Agreement have been fulfilled.

4. The Parties acknowledge and agree that this Agreement with all attachments constitutes the entire and final agreement among the Parties, and that

3

21-42617-mar    Doc 131    Filed 08/12/21    Entered 08/12/21 12:20:39    Page 11 of 14

the terms of this Agreement are contractual and not merely a recital. There are no representations, warranties, or understandings other than those expressly set forth herein.

5. This Settlement Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns, provided however, that the foregoing shall not authorize any assignment by the Parties of their duties hereunder.

6. This Settlement Agreement and any and all other agreements executed and delivered in connection herewith or incorporated herein by reference may be signed in counterparts and by facsimile. All of such counterparts, when properly executed by the appropriate Parties thereto, together shall serve as a fully executed document, binding upon the Parties. A facsimile, electronic or photocopy of a Party's signature shall be legally sufficient evidence of the original signature to this Settlement Agreement.

7. Upon a breach or default under this Agreement by a Party, the other Party shall be awarded all costs incurred to enforce the terms of this Settlement Agreement in a court of competent jurisdiction, but only if the Party seeking such award has no liability for any material breach of this Settlement Agreement.

8. The Parties acknowledge and agree that they have fully read, completely understand and voluntarily enter into and execute this Settlement

Agreement and the other documents contemplated herein, and acknowledge that they have been represented and advised by counsel of their choosing or had ample opportunity to be represented by counsel during the pendency of the negotiations that resulted in the drafting and execution of this Settlement Agreement and the other Agreements contemplated herein.

9. This Agreement shall be governed by, and construed in accordance with, the laws of the State of Michigan. The Parties agree that the United States Bankruptcy Court for the Eastern District of Michigan shall retain exclusive jurisdiction to resolve any dispute or controversy involving this Agreement. In the event that a dispute involving this Agreement arises after the Bankruptcy Case has been closed, either party may (i) seek to reopen the Bankruptcy Case and have the Bankruptcy Court resolve the dispute, or (ii) commence an action to enforce this Agreement with any other court of competent jurisdiction located in the State of Michigan. The Parties specifically waive any and all objections to venue in such courts, including any objection to venue based on convenience of the Parties.

10. The Parties represent and acknowledge that the individual signing on behalf of each Party has the authority to bind the Party to the terms of this Agreement.

[THIS SPACE INTENTIONALLY LEFT BLANK.]

**CONSUMERS ENERGY COMPANY**

Dated: July 29, 2021

BY: JASON M. MILSTONE
ITS: ATTORNEY

**LINEAR MOLD & ENGINEERING, LLC**

Dated: 7/30/2021

BY: JOHN TENBUSCH
ITS: MANAGING MEMBER

*S&B\85363\002\AGR\SB753687.DOCX

6